# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE STATE OF DELAWARE, UPON THE RELATION OF THE SECRETARY OF THE DEPARTMENT OF TRANSPORTATION,<br><br>Plaintiff,<br><br>v.<br><br>MELPAR, LLC, 1,7761995 SQUARE FEET (0.0408 ACRES) OF LAND, 711.9788 SQUARE FEET (0.0163 ACRES) OF LAND, 3,598.7712 SQUARE FEET (0.0826 ACRES) PART OF TAX MAP AND PARCEL NUMBER 234-23.00-269.14 SITUATED IN INDIAN RIVER HUNDRED, and DASH-IN FOOD STORES, INC.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No.: S21C-03-017 FJJ |

Submitted: August 22, 2022
Decided: August 25, 2022

## <u>ORDER ON DEFENDANTS' MOTION IN LIMINE TO EXDLUDE PLAINTIFF'S EXPERT - DENIED</u>

*Brady Eaby, Esquire, Deputy Attorney General,* Department of Justice, Wilmington, Delaware. Attorney for the State of Delaware,

*Richard A. Forsten, Esquire,* Saul, Ewing, Arnstein & Lehr, LLP, Wilmington, Delaware. Attorney for Defendant Dash-In Food Services, Inc.

*Richard L. Abbott, Esquire,* Abbott Law Firm, Hockessin, Delaware. Attorney for Defendant Melpar, LLC.

**Jones, J.**

This is a condemnation action filed by the Delaware Department of Transportation ("DelDOT") against Melpar, LLC ("Melpar") and Dash-In Food Stores, Inc. ("Dash-In"). The property at issue is commercial property located at the southeast corner of the intersection of State Road 24, John Williams Highway and Long Neck Road, Sussex County. Melpar owns the real property at issue. Dash-In is a tenant operating a gas station and convenience store at the subject property.

The taking involves a change to the ingress and egress of the property from Route 23 for safety reasons. Prior to the taking, traffic could enter and exit the property from both directions of Route 23. After the taking, traffic exiting the property onto Route 23 is limited to a right northbound turn and the traffic entering the property from Route 23 can only enter while traveling northbound on Route 23 and cannot make a left turn from southbound Route 23 onto the property.

Melpar has filed a Motion in Limine to exclude the testimony of Georgia Nichols ("Nichols") who is the State's expert appraiser. According to Melpar, Nichols' testimony is based on inaccurate premises and/or unfounded assumptions to such an extent that her testimony should be inadmissible according to the teachings of *Perry v. Berkley*, 996 A.2d 1262, 1267 (Del. 2010). For the reasons set forth below, Melpar's Motion is DENIED.

**Standard of Review**

Delaware Rule of Evidence 702 governs the admissibility of expert testimony. Delaware has adopted the holdings in *Daubert v. Merrell Dow Pharmaceuticals Inc.*[1] and *Kumho Tire Co., Ltd. v. Carmichael*[2] to interpret the Delaware Rule.[3] In *Daubert* and *Kumho*, the United States Supreme Court interpreted and explained Federal Rule of Evidence 702, which is "substantially similar" to the Delaware Rule.[4] Delaware Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the witness has applied the principles and methods reliably to the facts of the case.[5]

To be admissible, expert testimony must be "relevant and reliable."[6] To make this determination, the trial judge engages in a five-step analysis.[7] This analysis provides that the trial judge finds that:

> (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education;
> (2) the evidence is relevant;

---

[1] 509 U.S. 579 (1993).
[2] 526 U.S. 137 (1993).
[3] *Bowen v. E.I. DuPont de Nemours, Inc.*, 906 A.2d 787, 794 (Del. 2006) (citing *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 522 (Del. 1999)).
[4] *Smack-Dixon v. Walmart Inc.*, 2021 WL 3012056 (Del. Super. July 16, 2021) (citing *Bowen.* 906 A.2d at 794 (Del. 2006)).
[5] D.R.E. 702. *See also Smack-Dixon*, 2021 WL 3012056 (Del. Super. 2021).
[6] *Daubert*, 508 U.S. at 597.
[7] *Smack-Dixon*, 2021 WL 3012056 at *2 (citing *Bowen*, 906 A.2d at 795).

3

(3) the expert's opinion is based on information reasonably relied upon by experts in the particular field;

(4) the expert testimony will assist the trier of fact to understand the evidence or to determine a fact in issue; and

(5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[8]

The burden of establishing that the expert testimony is admissible lies with its proponent by a preponderance of the evidence.[9] "A strong preference exists" for admitting expert opinions "when they will assist the trier of fact in understanding the relevant facts or the evidence."[10]

Reliable expert testimony is premised on scientific or specialized knowledge which requires the testimony to be grounded in scientific methods and procedures and "supported by appropriate validation – *i.e.*, 'good grounds,' based on what is known."[11]

Many scientific, technical, or specialized fields are not subject to peer review and publication which is why the test of reliability is "flexible." Rigid application of the *Daubert* factors cannot just be engaged to determine testimonial reliability in every field of expertise.[12]

A gatekeeping judge has "broad latitude" to determine whether an expert's proffered opinion is based upon the "proper factual foundation and sound

---

[8] *Id.*
[9] *Id.*
[10] *Id.,* (quoting *Delaware ex. Rel. French v. Card Compliant, LLC*, 2018 WL 4151288 at *2 (Del. Super. Aug. 29, 2018)) (quoting *Normal v. All About Women, P.A.,* 193 A.2d 726, 730 (Del. 2018)).
[11] *Daubert*, 508 U.S. at 590.
[12] *Henlopen Hotel v. United Nat'l Ins. Comp.,* 2020 WL 233333 at *3 (Del. Super. Jan. 10, 2020).

methodology."[13] This "proper factual foundation" language has been distilled from Delaware Rule 702.[14] To meet the criterion for a "proper factual foundation," an expert's opinion must be based on "facts" and not "suppositions."[15] And a proponent need only show by a preponderance of the evidence that her expert's opinions are reliable, not that they are correct.[16] So, this Court's Rule 702 reliability examination must focus on principles and methodology, not on the resultant conclusions.[17]

Delaware courts generally recognize that challenges to the "factual basis of an expert opinion go[ ] to the credibility of the testimony, not the admissibility, and it is for the opposing party to challenge … the expert opinion on cross-examination."[18] "The different depth with which [an expert] pursued particular lines of investigation and the different assumptions they made are readily subject to cross-examination and to evaluation by the fact finder for credibility and weight."[19] An expert's testimony will only

---

[13] *Russum v. IPM Development Partnership LLC,* 2015 WL 2438599 at *2 (Del. Super. May 21, 2015).
[14] *Id.*
[15] *Id.* at *3.
[16] *State v. McMullen,* 900 A.2d 105, 114 (Del. Super. 2006) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994)).
[17] *Henlopen Hotel,* 2020 WL 233333 at *2 ("At bottom, the Court's examination of an expert's opinion must be solely focused on principles and methodology, not on the conclusions they generate.") (quoting *Tumlinson v. Advanced Micro Devices*, 81 A.3d 1264, 1269 (Del. 2013)).
[18] *Perry v. Berkley*, 996 A.2d 1262, 1271 (Del. 2010). *See also Hodel v. Ikeda*, 2013 WL 226937 at *4 (Del. Super. Jan. 18, 2013); *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (internal citations omitted); *Russum*, 2015 WL 2438599 at *3.
[19] *Henlopen Hotel*, 2020 WL 233333 at *4; *Perry v. Berkley,* 996 A.2d at 1271 (noting cross-examination rather than exclusion can be the proper method of exploring the bases of an expert's opinion and the weight to be ascribed thereto).

be excluded in the narrow circumstance where she is shown to have completely neglected the core facts of the case.[20]

**Analysis**

There is no question in this Court's mind that Nichols is a qualified appraiser; that her opinion is relevant; that her opinion is based upon information reasonably relied upon by experts in her particular field; and her expert testimony will assist the trier of fact in understanding the evidence or to determine a fact in issue. The sole issue with the testimony is whether it is so profoundly based on inaccurate premises or unfounded assumptions so as to confuse or mislead the jury and make the testimony inadmissible. Melpar contends that there are three unfounded assumptions in Nichols' reports which renders her testimony inadmissible. Those unfounded assumptions are (1) the subject property's gas station canopy, underground fuel tanks and fuel pumps are not included in the valuation (hereinafter collectively referred to as "fueling equipment"); (2) the new DELDOT modified entrance on Route 23 is wide enough to accommodate fuel delivery trucks; and (3) the lease between Melpar and Dash-In included a building and improvements.

Turning first to the fueling equipment issue. Nichols did not value the fueling equipment because of her view that it was a fixture. Melpar's appraiser also did not consider the fueling equipment in his appraisal because of his conclusion that this

---

[20] *Russum*, 2015 WL 2438599 at *3.

equipment was not owned by Melpar, but by Dash-In. How Melpar can claim error for the plaintiff's expert's failure to include the fueling equipment in its appraisal when its own expert reaches the same conclusion (but for different reasons) escapes logic. For this reason alone, Melpar's argument on this point fails.

Moreover, this is not a situation, as in *Perry*, where an expert was completely unaware of the existence of the fueling equipment issue. The experts on both sides were aware of the fueling equipment issues and they each addressed the issue as they felt appropriate. The reasons for each expert's conclusion on how this issue effected their appraisal is the proper subject of cross-examination.

This same analysis applies equally to the fuel truck movement issue. There is a contested factual dispute about whether the taking impacts the ability of trucks delivering fuel products to maneuver about, and/or in and out of the property. Both experts are aware of this dispute and have handled it in a manner that each believes properly supports their appraisal of the property. Nichols handling of this issue is not based on an unfounded assumption but based on her client's view of the facts, which has support in the record. This goes not to the admissibility of Nichols testimony, but to its weight.[21] This will be an issue for the Commissioners' consideration.

Finally, Melpar takes issue with Nichols' conclusion that the convenience store is part of the real property. Melpar maintains that this is a land lease and therefore its

---

[21] *Cornell Glasgow, LLC v. LaGrange Properties, LLC*, 2012 WL 6840625 (Del. Super. Dec. 7, 2012).

appraisal is correct that the value of the store should not be included in its appraisal. DelDOT included the convenience store as part of its evaluation because the convenience store, according to DelDOT, is part of the real property. The experts disagree. This disagreement does not translate into opinions based on unfounded assumptions but centers on an issue that the parties view differently. As with the other two issues, this dispute does not prevent the admissibility of Nichols' opinion.

*Perry v. Berkley* was a personal injury claim. The challenge in *Perry* was to plaintiff's medical expert who opined that plaintiff's injuries were related to the accident in question because plaintiff never had any similar problems before the accident. Plaintiff's medical history demonstrated a long history of similar issues. On this record, the court excluded the expert opinion due to a <u>complete</u> lack of knowledge of the Plaintiff's prior medical history. The Supreme Court affirmed holding that while generally the factual basis goes to the credibility of the testimony, not its admissibility, where the expert's opinion is based on a <u>completely</u> <u>incorrect</u> case specific facts exclusion of the testimony is appropriate.[22] This court has held that an expert testimony will only be excluded in the narrow circumstance where she is shown to have <u>completely</u> neglected the core facts of the case.[23] This case is not *Perry*. There are contested factual disputes surrounding the fuel equipment, truck movement and inclusion of a convenience store

---

[22] *Perry*, 996 A.2d at 1271.
[23] *Kaur v. Boston Scientific Corp.,* 2022 WL 1986178 (Del. Super. 2022).

into the appraisal of the property. The fact that Nichols' appraisal assumes one set of facts over another on any one of these points does not mean that her opinions are based on unfounded assumptions or that she lacks knowledge of the record.[24] It means that her opinions will be subject to challenge by Melpar during cross examination. How these facts and opinions on which they are based are weighed and decided is the job of the Commissioners. Melpar's Motion in Limine is DENIED.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc: File&ServeXpress

---

[24] *Cornell Glasgow*, 2012 WL 6840625.